UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Willie Junior Hines, # 240466, *aka Willie Hines, Jr.*, ) | C/A No. 6:06-1530-GRA-WMC |
| Petitioner, ) | |
| vs. ) | Report and Recommendation |
| Richard E. Bazzle, Warden of Perry Correctional Institution; and Henry McMaster, Attorney General of South Carolina, ) | |
| Respondents. ) | |

# *Background of this Case*

This is a habeas corpus action[1] under 28 U.S.C. § 2254. The petitioner is an inmate at the Perry Correctional Institution of the South Carolina Department of Corrections near Pelzer, South Carolina. The petitioner states that he is serving a life sentence for murder, armed

---

[1] In the spring of 2005, the Office of the Clerk of Court implemented a new system for listing case numbers. Under this new system, the two alphabetical suffixes at the end of the civil action number reflect the United States District Judge assignment and United States Magistrate Judge assignment.

1

robbery, and first-degree burglary.[2]  The sentences were entered in the Court of General Sessions for Spartanburg County pursuant to a guilty plea on February 25, 1997.  The petitioner had pled guilty to the charges on January 28-29, 1997.

No direct appeal was filed in the petitioner's criminal case.  The petitioner filed an application for post-conviction relief and appealed the denial of post-conviction relief.  The petitioner filed a subsequent application for post-conviction relief (Case No. 2004-CP-42-4076).  The Court of Common Pleas for Spartanburg County dismissed that second application on October 25, 2005, and on January 4, 2006.[3]  The petitioner appealed this denial of post-conviction relief.  The petitioner's appeal in Case No. 2004-CP-42-4076 was dismissed on April 13, 2006, by the Supreme Court of South Carolina.

The petitioner raises various grounds in the petition.  Those grounds are: **(1)** lack of subject matter jurisdiction by the trial court because the

---

[2]Information disclosed by the petitioner in his prior § 2254 action, Willie Hines, Jr., # 240646 v. Warden Phillip McLeod, *et al.*, Civil Action No. 6:03-0158-13AK, indicates that he is actually serving three sentences: life for murder, life for burglary, and thirty (30) years for armed robbery.  *See* § 2254 petition in Civil Action No. 6:03-0158-13AK, at page 1 (Entry No. 1 in Civil Action No. 6:03-0158-13AK).

[3]The petitioner's exhibits contain this order of dismissal.  On January 4, 2006, the Honorable Roger L. Crouch, South Carolina Circuit Judge, dismissed the application *with prejudice* because it was successive.

indictments were defective; **(2)** newly discovered evidence; **(3)** due process violation relating to lack of forensic evidence linking the petitioner to the crimes; **(4)** "Forgery and Based [sic] Plea agreement[;]" **(5)** violation of the Double Jeopardy Clause because the petitioner was served the "same Indictments with different times of certification on them[;]" and **(6)** "Brady violation."[4]

# *Discussion*

Under established local procedure in this judicial district, a careful review[5] has been made of the *pro se* petition pursuant to the procedural provisions of 28 U.S.C. § 1915, the Anti-Terrorism and Effective Death Penalty Act of 1996, and other habeas corpus statutes. The review has been conducted in light of the following precedents: Denton v. Hernandez,

---

[4] The phrase "Brady violation" is, presumably, a reference to the holding in Brady v. Maryland, 373 U.S. 83 (1963)(prosecutors must disclose exculpatory evidence to criminal defendants), and is *not* a reference to the so-called "Brady Bill" enacted by the Congress in 1993. *Compare* Brady v. Maryland, supra, *with* McGee v. United States, 849 F. Supp. 1147, 1994 U.S.Dist. LEXIS® 13322 (S.D.Miss. 1994), *later proceeding reported at* McGee v. United States, 863 F. Supp. 321, 1994 U.S.Dist. LEXIS® 10610 (S.D.Miss. 1994); Frank v. United States, 860 F. Supp. 1030, 1994 U.S.Dist. LEXIS® 11860 (D.Vt. 1994); and Printz v. United States, 854 F. Supp. 1503, 1994 U.S.Dist. LEXIS® 6671 (D.Mont. 1994).

[5] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02, D.S.C., the undersigned is authorized to review such complaints or petitions for relief and submit findings and recommendations to the District Court.

504 U.S. 25, 118 L.Ed.2d 340, 112 S.Ct. 1728, 1992 U.S. LEXIS® 2689 (1992); Neitzke v. Williams, 490 U.S. 319, 324-325, 1989 U.S. LEXIS® 2231 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951, 1995 U.S.App. LEXIS® 26108 (4th Cir. 1995)(*en banc*), *cert. denied*, 516 U.S. 1177, 134 L.Ed.2d 219, 116 S.Ct. 1273, 1996 U.S. LEXIS® 1844 (1996); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); and Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979). This court is required to construe *pro se* complaints and petitions liberally. Such *pro se* complaints and petitions are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, Leeke v. Gordon, 439 U.S. 970 (1978), and a federal district court is charged with liberally construing a complaint or petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See* Hughes v. Rowe, 449 U.S. 5, 9 (1980); and Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. Fine v. City of New York, 529 F.2d 70, 74 (2nd Cir. 1975). Even under this less stringent standard, the § 2254 petition is subject to summary dismissal because it is a successive petition. The requirement of liberal construction

4

does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Services, 901 F.2d 387, 1990 U.S.App. LEXIS® 6120 (4th Cir. 1990).

With respect to his convictions, the petitioner's sole federal remedy is a writ of habeas corpus under 28 U.S.C. § 2241 or 28 U.S.C. § 2254, which can be sought only after he has exhausted his state court remedies. *See* 28 U.S.C. § 2254(b); Picard v. Connor, 404 U.S. 270 (1971); and Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 490-491 (1973)(exhaustion required under 28 U.S.C. § 2241). Although the petitioner has exhausted his state remedies, he has, in the case at bar, submitted a successive petition. In other words, the § 2254 petition in the above-captioned case is subject to dismissal under Rule 9(b) of the Section 2254 Rules. Miller v. Bordenkircher, 764 F.2d 245, 248-250 & nn. 3-5 (4th Cir. 1985). *See also* McClesky v. Zant, 499 U.S. 467, 113 L.Ed.2d 517, 111 S.Ct. 1454, 1467-1472, 1991 U.S. LEXIS® 2218 (1991); Section 106 of the Anti-Terrorism and Effective Death Penalty Act of 1996, Public Law 104-132, 110 U.S.Stat. 1214; Bennett v. Angelone, 92 F.3d 1336, 1996 U.S.App. LEXIS® 21003 (4th Cir. 1996), *cert. denied*, 519 U.S. 1002, 136 L.Ed.2d 395, 117 S.Ct.

503, 1996 U.S. LEXIS® 7152 (1996); and Armstead v. Parke, 930 F. Supp. 1285, 1996 U.S.App. LEXIS® 8317 (N.D.Ind. 1996), *affirmed*, 116 F.3d 1482, 1997 U.S.App. LEXIS® 14835, 1997 WESTLAW® 345896 (7th Cir., June 13, 1997).

In Willie Hines, Jr., # 240646 v. Warden Phillip McLeod, *et al.*, Civil Action No. 6:03-0158-13AK,[6] the petitioner brought a habeas corpus action to challenge his convictions for murder, armed robbery, and burglary. In an order filed in Civil Action No. 6:03-0158-13AK on January 28, 2003, the undersigned directed the respondents to file a return. After receiving an extension of time, the respondents filed a return, memorandum, and motion for summary judgment on April 7, 2003. On April 9, 2003, the undersigned apprised the petitioner of summary judgment procedure, as required by Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975)(district court must advise a *pro se* litigant confronted by a dispositive motion from an adverse party of his or her right to file counter-affidavits or other responsive material, and be alerted to the fact that his or her failure to so respond might result in the entry of summary judgment against him or her). The petitioner on April 24, 2003, filed his response to the motion for summary judgment.

---

[6]Civil Action No. 6:03-0158-13AK was assigned when the Office of the Clerk of Court was using a different system of listing case numbers. *See* footnote 1, supra.

In a Report and Recommendation filed in Civil Action No. 6:03-0158-13AK on May 12, 2003, the undersigned recommended that the respondents' motion for summary judgment be granted.  The parties in Civil Action No. 6:03-0158-13AK were apprised of their right to file timely written objections to the Report and Recommendation and of the serious consequences of a failure to do so.  After receiving an extension of time, the petitioner filed his objections on June 13, 2003.  On June 25, 2003, the Honorable G. Ross Anderson, Jr., United States District Judge, granted summary judgment to the respondents.

The petitioner's subsequent appeal (Fourth Circuit Docket No. 03-7066) in Civil Action No. 6:03-0158-13AK was not successful.  The United States Court of Appeals for the Fourth Circuit dismissed the appeal and the Supreme Court of the United States denied discretionary appellate review.  Hines v. McLeod, 82 Fed.Appx. 86, 2003 U.S.App. LEXIS® 24488 (4th Cir., December 5, 2003), *cert. denied*, 542 U.S. 857, 160 L.Ed.2d 95, 125 S.Ct. 176, 2004 U.S. LEXIS® 6396 (2004).

This court may take judicial notice of Civil Action No. 6:03-0158-13AK. Aloe Creme Laboratories, Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970).  *See also* Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239,

1989 U.S.App. LEXIS® 16328 (4th Cir. 1989)("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"); Mann v. Peoples First National Bank & Trust Co., 209 F.2d 570, 572 (4th Cir. 1954)(approving district court's taking judicial notice of prior suit with same parties: "We think that the judge below was correct in holding that he could take judicial notice of the proceedings had before him in the prior suit to which Mann and the Distilling Company as well as the bank were parties."); and United States v. Parker, 956 F.2d 169, 171, 1992 U.S.App. LEXIS® 1319 (8th Cir. 1992).

Although there have been subsequent state court proceedings (Case No. 2004-CP-42-4076) after Civil Action No. 6:03-0158-13AK was decided, the petition filed in the above-captioned case (Civil Action No. 6:06-1530-GRA-WMC) is, nonetheless, successive. See Rose v. Lundy, 455 U.S. 509 (1982); Rule 9(b) of the Section 2254 Rules; and Aloe Creme Laboratories, Inc. v. Francine Co., supra, where the United States Court of Appeals for the Fifth Circuit commented:

> The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient.

Aloe Creme Laboratories, Inc. v. Francine Co., supra, 425 F.2d at 1296. *See also* United States v. Parker, 956 F.2d 169, 171, 1992 U.S.App. LEXIS® 1319 (8th Cir. 1992).

In any event, there is no indication in the present petition that the petitioner has sought leave from the United States Court of Appeals for the Fourth Circuit to file the petition in the above-captioned case. Leave from the United States Court of Appeals for the Fourth Circuit is now required under the Anti-Terrorism and Effective Death Penalty Act of 1996 for filers of successive § 2254 petitions. Before the petitioner attempts to file another petition in the United States District Court for the District of South Carolina, he **must** seek and obtain leave (*i.e.,* written permission) from the United States Court of Appeals for the Fourth Circuit. The petitioner can obtain the necessary form for doing so from the Clerk's Office of the United States Court of Appeals for the Fourth Circuit in Richmond, Virginia.[7] The five-

---

[7] *See* Section 106 of the Anti-Terrorism and Effective Death Penalty Act of 1996:

(B) LIMITS ON SECOND OR SUCCESSIVE APPLICATIONS. –Section 2244(b) of title 28, UNITED STATES CODE, is amended to read as follows:

"(B)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

"(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior

(continued...)

9

page form is entitled "Motion for Authorization to File Successive Application

---

(...continued)
        application shall be dismissed unless–
            "(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

            "(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
            "(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

    "(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

    "(B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.

    "(C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.

    "(D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.

    "(E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

    "(4) A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section.".

under 28 U.S.C. § 2244." The mailing address of the Clerk's Office of the United States Court of Appeals for the Fourth Circuit is 1110 East Main Street — Suite 501, Richmond, Virginia 23219-3517.

## *Recommendation*

Accordingly, it is recommended that the § 2254 petition be dismissed *without prejudice* as a successive § 2254 petition under Rule 9(b) of the Section 2254 Rules, *without requiring the respondents to file a return*. See Allen v. Perini, 424 F.2d 134, 141 (6th Cir.)(federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return), *cert. denied*, 400 U.S. 906 (1970); Toney v. Gammon, 79 F.3d 693, 697, 1996 U.S.App. LEXIS® 5804 (8th Cir. 1996)("However, a petition may be summarily dismissed if the record clearly indicates that the petitioner's claims are either barred from review or without merit."); Baker v. Marshall, 1995 U.S.Dist. LEXIS® 4614, *2-*3, 1995 WESTLAW® 150451 (N.D.Cal., March 31, 1995)("The District Court may enter an order for the summary dismissal of a habeas petition if it plainly appears from the face of the

petition and any exhibits annexed to it that the petitioner is not entitled to relief in this Court."); and the Anti-Terrorism and Effective Death Penalty Act of 1996. The petitioner's attention is directed to the important notice on the next page.

_____
WILLIAM M. CATOE
UNITED STATES MAGISTRATE JUDGE

May 30, 2006

Greenville, South Carolina

### Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
### &
# The Serious Consequences of a Failure to Do So

The petitioner is, hereby, notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period for filing objections, **but not thereafter**, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, *supra*, the Court stated that general, non-specific objections are *not* sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating only 'I complain' states no claim, an objection stating only "I object" preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 6 n. 1 (3rd Cir. 1984)(*per curiam*)("plaintiff's objections lacked the specificity necessary to trigger *de novo* review"). **This notice, hereby, apprises the petitioner of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins, *supra*; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk
United States District Court
Post Office Box 10768
Greenville, South Carolina 29603**