**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**GREENVILLE DIVISION**

| | |
|---|---|
| Willie Junior Hines, # 240466,  Petitioner,  v.  Richard E. Bazzle, Warden of Perry Correctional Institution; and Henry McMaster, Attorney General of South Carolina,  Respondents. | C/A No. 6:06-1530-GRA-WMC  **ORDER** (Written Opinion) |

This matter is before the Court for a review of the magistrate's Report and Recommendation, which was made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c), D.S.C. and was filed May 30, 2006. The Petitioner instituted the present action pursuant to 28 U.S.C. § 2254. This is his second petition filed under § 2254. The magistrate recommends summary dismissal of the action because the Petitioner failed to first seek authorization from the United States Court of Appeals for the Fourth Circuit before proceeding with this successive § 2254 petition. For the reasons stated below, the magistrate's Report is ADOPTED, and the above-captioned action is DISMISSED without prejudice and without requiring Respondents to file a return.

Petitioner brings this claim *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those

1

drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 596 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). Even under this less stringent standard, the § 2254 petition is subject to summary dismissal because it is a successive petition. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387, 1990 U.S.App. LEXIS® 6120 (4th Cir. 1990).

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.*

In order for objections to be considered by a United States District Judge, the

objections must be timely and must specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections. Fed. R. Civ. P. 72(b); *see United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985).  "Courts have . . . held de novo review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation."  *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th. Cir. 1983).

Petitioner filed objections to the Report and Recommendation on June 16, 2006.  In Petitioner's sole objection to the Report, he generally states that this action is not a successive § 2254 petition, without any supporting factual allegations and without directing the Court to a specific error of law applied by the magistrate.  Such objection does not warrant *de novo* review by this Court.  *See Orpiano,* 687 F.2d at 47.  Petitioner's objection is, therefore, without merit.

After a review of the magistrate's Report and Recommendation, this Court finds that the report is based upon the proper law.  Accordingly, the Report and Recommendation is accepted and adopted in its entirety.

IT IS THEREFORE ORDERED that Petitioner's successive petition under 28 U.S.C. § 2254 be DISMISSED pursuant to Rule 9(b) of the Section 2254 Rules,

without prejudice and without requiring Respondents to file a return.

IT IS FURTHER ORDERED that Petitioner's motion for an extension of time to file a response to the Report and Recommendation, filed on June 9, 2006, be DENIED as moot.

IT IS SO ORDERED.

G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina
June   22   , 2006.

# NOTICE OF RIGHT TO APPEAL

Petitioner has the right to appeal this Order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, will waive the right to appeal.